Ana P. Hallmon (SBN: 253309)
Edward D. Winchester (SBN: 271500)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
Email: ahallmon@sjlawcorp.com
Email: ewinchester@sjlawcorp.com

Attorneys for Plaintiffs,
ILWU Warehouse Welfare Trust, et al.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

| | |
|---|---|
| ILWU WAREHOUSE WELFARE TRUST; AND JAMES BEARD AND LARRY MORRISON, as Trustees of the ILWU Warehouse Welfare Trust, <br><br> Plaintiffs, <br><br> v. <br><br> REPUBLIC SERVICES, INC. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** |

## INTRODUCTION

(1)     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C §§1001, et seq.).

(2)     Plaintiffs are the ILWU Warehouse Welfare Trust ("ILWU Trust"), formerly known as the ILWU Warehousemen's Welfare Trust, and James Beard and Larry Morrison, as Trustees of the ILWU Trust.

(3)     Defendant Republic Services, Inc.  ("REPUBLIC") is a participating employer in the ILWU Warehouse Welfare Trust.

(4)     Plaintiffs allege that Defendant REPUBLIC has refused to pay the ILWU Trust amounts owed for delinquent contributions based on the payroll compliance testing report for the period of July 1, 2008 through July 31, 2012 issued as final on or about February 24, 2015.

1      (5)    Plaintiffs seek an award of delinquent contributions, liquidated damages, interest,

2  attorney's fees and costs from Defendant REPUBLIC.

3  **PARTIES**

4      (6)    Plaintiff ILWU Trust is a multiemployer joint labor-management welfare fund

5  established pursuant to LMRA § 302(c), 29 U.S.C. § 186(c), and which funds and sponsors the

6  ILWU Trust, an employee benefit plan as defined in the ERISA § 3(3), 29 U.S.C. § 1002(a).  The

7  ILWU Trust maintains an office and is administered in the county of Alameda, California.  Its

8  purpose is to provide health and welfare and related benefits to the eligible employees of

9  employers who contribute to the ILWU Trust pursuant to various collective bargaining agreements

10  with the ILWU Warehouse Local 6 ("Union").

11      (7)    Plaintiff James Beard is the chairman and Plaintiff Larry Morrison is the Secretary

12  of the Joint Board of Trustees of the ILWU Trust and related Plan.  The Joint Board of Trustees

13  are "fiduciaries" with respect to the ILWU Trust and Plan as defined in Section 3(21)(A) of

14  ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the plan sponsor within the meaning of

15  Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii), and as such have standing to sue

16  under ERISA § 502(a), 29 U.S.C. § 1002(a).

17      (8)    Defendant REPUBLIC is an employer as defined under ERISA § 3(5), 29 U.S.C. §

18  1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2) and obligated to contribute to the ILWU Trust.

19  **JURISDICTION**

20      (9)    Jurisdiction exists in this Court over the claims asserted by ILWU Trust by virtue

21  of ERISA § 502, 29 U.S.C. § 1132, in that ILWU Trust seeks to enforce the provisions of ERISA

22  and the terms of the ILWU Trust Agreement and Plan Document, seeks to enjoin the acts and

23  practices which violate ERISA, seeks equitable relief to redress such violations, and seeks all other

24  appropriate relief under ERISA.

25      (10)    Jurisdiction also exists in this Court over all the claims by virtue of Labor

26  Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ILWU Trust seeks to

27  enforce the terms and conditions of a valid collective bargaining agreement between Defendant as

28  employers and Union, a labor organization.  Jurisdiction is proper in this District in that Union

2

COMPLAINT

Case No.:

1  maintains its principal office in this District and its authorized officers and agents are engaged in

2  representing or acting for its employee members in this District.

3        (11)    To the extent jurisdiction over any claim does not exist under ERISA or the

4  LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §

5  1367 in that they arise out of a common nucleus of operative facts that form the basis of the

6  federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

7  **VENUE**

8       (12)    Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an

9  action is brought under ERISA § 502 in a district court of the United States, it may be brought at

10  Plaintiffs' discretion, in the district where the plan is administered, where the breach took place,

11  or where a defendant resides or may be found, and process may be served in any other district

12  where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in

13  this district at their principal place of business in Alameda, California. Thus, jurisdiction and

14  venue are properly grounded with this Court.

15        (13)    Venue exists in this Court with respect to the claims under LMRA §301(a), 29

16  U.S.C. § 185, because this Court has jurisdiction over the parties, as the Union maintains its

17  principal place of business in this district, its duly authorized officers or agents are engaged in

18  representing employee members in this district, and the claims arise in this district.

19  **INTRADISTRICT ASSIGNMENT**

20        (14)    The basis for assignment of this action to this court's Oakland Division is that the

21  governing documents of ILWU Trust, which are incorporated into the Bargaining Agreements,

22  and made binding on Defendant, provides that the payment of all contributions are payable at such

23  place in the county where the ILWU Trust's principal place of business is located and further

24  provides that the county in which the particular Employer contribution is payable shall be the

25  proper county in which to institute legal proceedings to collect all sums owing by an Employer.

26  All of the events and omissions giving rise to ILWU Trust's claims occurred in the County of

27  Alameda, where the ILWU Trust was administered during the period claimed herein, and where

28  Defendant therefore failed to fulfill its statutory and contractual obligations to ILWU Trust.

3

COMPLAINT
Case No.:

1

**COLLECTIVE BARGAINING AGREEMENT**

2       (15)    The Union and Defendant entered into successive collective bargaining agreements

3 ("CBA"), which required contributions by Defendant REPUBLIC to contribute to the ILWU

4 Trust.  Accordingly, ILWU Trust is a third party beneficiary of the CBA between Union and

5 Defendant.

6                                **FACTS**

7       (16)    Defendant REPUBLIC is headquartered in Phoenix, Arizona and operates in the

8 geographic region of Northern California.  Employees of Defendant REPUBLIC are members of

9 the Union.  Accordingly, the Union on behalf of employees of REPUBLIC entered into successive

10 CBAs with Defendant REPUBLIC.

11      (17)    The terms of the CBA and Plan Documents require Defendant REPUBLIC to

12 contribute to the ILWU Trust on behalf of its employees who perform work covered by the CBA.

13      (18)    Under the terms of the ILWU Trust Agreement, which is incorporated into the

14 CBA and made binding on Defendant, contributing employers are required to maintain records

15 sufficient to determine whether it has satisfied all obligations to the ILWU Trust; and, to permit

16 the ILWU Trust to comply with all applicable laws.  Authorized representatives of ILWU Trust

17 are permitted pursuant to the CBA and the governing documents of the ILWU Trust, to enter upon

18 the premises of the Defendant REPUBLIC, to examine and copy such records as may be necessary

19 to determine whether REPUBLIC has made full and prompt payment of all sums required under

20 the CBA to the ILWU Trust.  Said examination shall be referred to herein as an "audit."

21      (19)    ILWU Trust retained Lindquist LLP, an independent auditing firm, to conduct

22 payroll compliance testing of Defendant REPUBLIC's books and records for the period of July 1,

23 2008 through July 31, 2012.

24      (20)    The payroll compliance testing report issued by the independent auditing firm of

25 Lindquist LLP on the books and records of Defendant REPUBLIC for the period of July 1, 2008

26 through July 31, 2012 revealed that Defendant REPUBLIC under reported and under paid

27 contributions due ILWU Trust.

28      (21)    On or about January 9, 2015, Lindquist LLP sent a copy of the completed payroll

                                    4

COMPLAINT
Case No.:

1  compliance testing report for the period of July 1, 2008 through July 31, 2012 to Defendant

2  REPUBLIC.  The cover letter that accompanied the payroll compliance testing report stated:

> The testing made by this office of your records to determine the propriety of contributions to the above Trust is complete.
>
> Prior to submitting the enclosed report to the Trustees, we are forwarding a draft to you, and would welcome any questions or comments you may have.  Please direct any such questions to [Lindquist LLP].
>
> If we do not hear from you within the next two weeks, we will assume you are in agreement with our findings and the report will be submitted to the Trustees.  Thank you for your help and cooperation during our testing.

10  (22)   Defendant REPUBLIC did not respond to the payroll compliance testing report.

11  Lindquist made the finding of its report final on February 24, 2015.

12  (23)   On March 2, 2015, the ILWU Trust Office made a written demand to Defendant

13  REPUBLIC for payment of all delinquent contributions, liquidated damages and interest due to

14  the ILWU Trust based on the payroll compliance testing report for the period of July 1, 2008

15  through July 31, 2012.

16  (24)   Defendant REPUBLIC again failed and refused to make payment of any and all

17  amounts due per the payroll compliance testing report of Defendant REPUBLIC for the period of

18  July 1, 2008 through July 31, 2012.

19  (25)   On September 9, 2015 and January 20, 2016, legal counsel for the ILWU Trust

20  made written demands for payment of all delinquent contributions, liquidated damages and

21  interest due to the ILWU Trust based on the payroll compliance testing report for the period of

22  July 1, 2008 through July 31, 2012.

23  (26)   Defendant REPUBLIC again failed and refused to make payment of any and all

24  amounts due per the payroll compliance testing report of Defendant REPUBLIC for the period of

25  July 1, 2008 through July 31, 2012 as required by the CBA and as requested in the various

26  demands for payment.

27  (27)   Defendant REPUBLIC has a contractual duty under the CBA to timely make the

28  required contributions, liquidated damages and interest to ILWU Trust. By failing to make such

5

COMPLAINT

Case No.:

timely payments as required, Defendant REPUBLIC has breached its contractual obligation.

(28)   Furthermore, Defendant REPUBLIC has a statutory duty to make the required payments timely to ILWU Trust under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely payments has violated the law.

(29)   Under the terms of the ILWU Trust agreement, which is incorporated into the CBA and made binding on Defendant REPUBLIC, in the event that an examination of a contributing employer's books and records reveal that full and prompt payment of all sums due have not been made, then the delinquent contributing employer shall reimburse the ILWU Trust, upon demand, all delinquent contributions, liquidated damages and interest.

(30)   Under the terms of the ILWU Trust agreement, which is incorporated into the CBA and made binding on Defendant, a contributing employer is delinquent if full payment is not received on or before the 20th day of the month in which contributions are due. Defendant is also required pursuant to the CBA and the ILWU Trust Agreement, to pay liquidated damages and interest on late-paid or unpaid contributions.

(31)   Under the terms of the ILWU Trust agreement, which is incorporated into the CBA and made binding on Defendant, in the event that ILWU Trust initiates litigation to collect any delinquent contributions, liquidated damages and interest owed the ILWU Trust, Defendant are obligated to reimburse the ILWU Trust the costs of the all reasonable attorneys' fees, audit testing fees, court costs, and all other reasonable expenses of whatever nature incurred in connection with such suit of claim.

## FIRST CAUSE OF ACTION
(Payment of Delinquent Contributions And Other Statutorily Allowable Amounts)

(32)   Plaintiffs re-allege and incorporate by reference paragraphs 1 –31 above as though they were fully set forth herein.

(33)   Defendant REPUBLIC violated ERISA Section 515, 29 U.S.C. § 1145, by failing to timely make contributions to the ILWU Trust for various employees listed in the payroll compliance testing report under the terms of the CBA and plan document.

(34)   Defendant REPUBLIC's failure to timely make such payments in compliance with

6

COMPLAINT

Case No.:

1    the CBA has reduced the corpus of the ILWU Trust, thereby impairing ILWU Trust's ability to

2    pay or provide benefits to members and beneficiaries, and thereby causing the ILWU Trust great

3    harm.

4            (35)    Defendant's obligations pursuant to the CBA are continuing obligations; Defendant

5    REPUBLIC continues to breach of the CBA by failing and refusing to timely pay monies due

6    thereunder to ILWU Trust as alleged.

7            (36)    Plaintiffs are informed and believe, and therefore allege, that Defendant

8    REPUBLIC will continue to willfully refuse to make said payments unless ordered by this Court

9    to comply.

10           (37)    Plaintiffs are without adequate remedy at law and the ILWU Trust will suffer

11   continuing and irreparable injury, loss and damage unless Defendant REPUBLIC is ordered

12   specifically to perform all obligations required on Defendant REPUBLIC's part to be performed

13   under the CBA, the governing documents of the ILWU Trust and Plan and ERISA, 29 U.S.C. §§

14   1101-1381, LMRA section 301, 29 U.S.C. § 185; is restrained from continuing to refuse to

15   perform as required thereunder and to pay all contributions, interest, liquidated damages, costs,

16   attorneys' fees and accountants' fees determined to be due Plaintiff ILWU Trust.

17                                    **PRAYER**

18           WHEREFORE, Plaintiffs pray as follows:

19           (1)     For a judgment against Defendant REPUBLIC as follows:

20                   (a)     For unpaid contributions to the ILWU Trust , due at time of Judgment,

21   including those specified above as well as any other contributions determined as due by audit,

22   time cards, or otherwise in accordance with the CBA, the Plan Document, and the ILWU Trust

23   Agreement, pursuant to ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

24                   (b)     Liquidated damages on all late-paid and unpaid contributions in accordance

25   with its obligation to do so under the terms of the CBA and thereafter determined through

26   judgment to ILWU Trust, in accordance with the CBA, the Plan Document and the ILWU Trust

27   Agreement pursuant to ERISA Section 502(g)(2)(c), 29 U.S.C. Section 1132(g)(2)(c);

28                   (c)     Interest on the late-paid and unpaid contributions in accordance with its

COMPLAINT

Case No.:

1  obligation to do so under the terms of the CBA and liquidated damages which become a part

2  thereof and thereafter determined through judgment to ILWU Trust, in accordance with the CBA,

3  the Plan Document and the ILWU Trust Agreement pursuant to ERISA Section 502(g)(2)(B), 29

4  U.S.C. Section 1132(g)(2)(B);

5        (d)     ILWU Trust's reasonable attorneys' fees and costs of this action, including

6  the auditors' costs, in accordance with the CBA, the Plan Document and the ILWU Trust

7  Agreement and in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and

8  (E), and with LMRA § 301, 29 U.S.C. § 185 for all Plaintiffs.

9        (e)     Reimbursement of Plaintiff ILWU Trust's expenses related to the payroll

10  compliance testing of Defendant REPUBLIC's books and records for the period of July 1, 2008

11  through July 31, 2012 determined through judgment to ILWU Trust, in accordance with the CBA,

12  the Plan Document and the ILWU Trust Agreement and under ERISA § 502(g)(2)(E), 29 U.S.C. §

13  1132 (g)(2)(E).

14     (2)   For an order,

15        (a)    requiring that Defendant comply with their obligations to ILWU Trust

16  under the terms of the CBA and the governing documents referred to therein;

17        (b)    enjoining Defendant from violating the terms of those documents and of

18  ERISA; and

19        (c)    enjoining Defendant from disposing of any assets until said terms have been

20  complied with, and from continuation or operating of Defendant REPUBLIC's business until said

21  terms have been complied with.

22     (3)   That the Court retain jurisdiction of this case pending compliance with its orders.

23     (4)   For such other and further relief as the Court may deem just and proper.

24  Dated: September 6, 2016                    SALTZMAN & JOHNSON LAW CORPORATION

25

26

27  By:_____/S/_____
                            Ana P. Hallmon,
                            Attorneys for Plaintiffs

28

P:\CLIENTS\ILWWF\COLLECTIONS\CASES\Republic Services\Complaint\Republic Services Complaint.doc        Case No.: